■ In the Matter of CHRISTOPHER ROBERTS, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [649 NYS2d 137] —Determination of respondent Police Commissioner dated June 20, 1994, suspending petitioner from his position as a police officer for a period of 28 days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kristin Booth Glen, J.], entered February 10, 1995) dismissed, without costs.

Substantial evidence supports respondents' findings that petitioner was intoxicated and unfit for duty on the night of January 5, 1993, and that he failed to comply with a direct order to attend an alcohol rehabilitation program. Conflicting

testimony purporting to explain petitioner's intoxicated appearance as due to a physical ailment raises issues of credibility unreviewable by the courts (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Petitioner's intoxication while off-duty but armed, his accompanying a fellow intoxicated officer as that officer menaced civilians with threats of bodily harm, and his prior conviction for driving while impaired supported respondents' order directing him to enter an in-patient rehabilitation program. Respondents had the authority to issue such an order (*see*, NY City Charter § 434; *Matter of Rivera v Beekman*, 86 AD2d 1), and petitioner had no justification for refusing to obey it. In fact, petitioner never did attend an in-patient treatment center and the point is now moot. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.